**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

COLLEEN M. DELANEY,

                          Case No.: 19-cv-04085 (LAP)

               Plaintiff,

  -against-

THOMAS FORTUNE FAY, FAY LAW GROUP, PA, STEVEN R. PERLES, PERLES LAW FIRM, P.C., ALLEN L. ROTHENBERG and THE ROTHENBERG LAW FIRM, LLP, FAY and PERLES FSIA LITIGATION PARTNERSHIP,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## ROTHENBERG DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

 

**FOX ROTHSCHILD LLP**

Peter C. Buckley, Esq.
Caroline A. Morgan, Esq.
101 Park Avenue, Suite 1700
New York, New York 10178
(212) 878-7900

*Attorneys for Defendants*
*Allen L. Rothenberg and The*
*Rothenberg Law Firm, LLP*

# TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ........................................................................................ 1

II. FACTUAL BACKGROUND ............................................................................................ 1

III. STANDARD OF REVIEW ............................................................................................... 2

IV. ARGUMENT ..................................................................................................................... 2

    1. Attorney Rothenberg's alleged misrepresentation that working on a case "will change [Attorney Delaney's] career" is an opinion about the future and therefore it cannot support a claim for fraud. ....................................................................................... 3

    2. Attorney Delaney fails to plead that Attorney Rothenberg knew that his alleged misrepresentation was false. ........................................................................................... 4

    3. Attorney Delaney's fraud claim is duplicative of her breach of contract claim. ............. 4

    4. Attorney Delaney's fraud claim is not timely because she has known since 2001 whether the case changed her career or not. ..................................................................... 6

V. CONCLUSION ................................................................................................................... 7

Active\98508854.v4-7/12/19

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Alanthus Corp. v. Travelers Ins. Co.,
    92 A.D.2d 830 (1st Dept 1983)......................................................................................6

Boone Associates, L.P. v. Oaster,
    257 A.D.2d 370 (1st Dept 1999)....................................................................................6

Canelle v. Russian Tea Room Realty LLC, et al.,
    2002 WL 287750 (S.D.N.Y. Feb. 27, 2002)..................................................................3

City of Syracuse v. Loomis Armored US, LLC,
    900 F. Supp.2d 274 (N.D.N.Y. 2012).............................................................................6

Cranston Print Works Co. v. Brockmann Inc.,
    521 F.Supp. 609 (S.D.N.Y. 1981) .................................................................................4

Gabayzadeh v. Brafman,
    2010 WL 6620688 (S.D.N.Y. June 18, 2010) ...............................................................3

Jackson Heights Medical Group PC v. Complex Corp.,
    634 N.Y.S.2d 721 (2nd Dept 1995) ...............................................................................5

MBW Advertising Network, Inc. v. Century Business Credit Corp.,
    173 A.D.2d 306 (1st Dept 1991)....................................................................................5

Moore v. Thomson Reuters (GRC) Inc.,
    2017 WL 4083582 (S.D.N.Y. September 14, 2018)..................................................3, 4

R.H. Damon & Co., Inc. v. Softkey Software Products, Inc.,
    811 F.Supp. 986 (S.D.N.Y. 1993) .................................................................................5

Spin Master Ltd. v. Bureau Veritas Consumer Products,
    2011 WL 1549456 (W.D.N.Y. March 7, 2011)..............................................................4

Triangle Underwriters, Inc. v. Honeywell, Inc.
    604 F.2d 737 (2nd Cir. 1979).........................................................................................6

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ...............................................................................1

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendants Allen L. Rothenberg ("Attorney Rothenberg") and the Rothenberg Law Firm, LLP (collectively the "Rothenberg Defendants") move to dismiss plaintiff's fraud claim (Count XII) for failure to state a claim upon which relief may be granted. The Rothenberg Defendants join the motion to dismiss filed by all of the defendants but file this supplemental memorandum of law in response to plaintiff Colleen Delaney's ("Attorney Delaney") fraud claim against Attorney Rothenberg.

**I.     PRELIMINARY STATEMENT**

Attorney Delaney fails to state a claim for fraud. She does not plead any fact stated by Attorney Rothenberg, let alone a material one. Instead, she relies on Attorney Rothenberg's alleged statement of opinion that working with him will "change [her] career as an attorney," which cannot support a claim for fraud. Even if an opinion could, Attorney Delaney never pleads that Attorney Rothenberg thought his opinion was false when he stated it. Equally unavailing are the facts that Attorney Delaney does plead, which mirror the facts of her breach of contract claim and render the fraud claim duplicative. Even if she pled all of the elements of fraud and it was not duplicative, her decades old claim still fails because it is barred by the statute of limitations.

Accordingly, this Court should dismiss with prejudice Plaintiff's cause of action for fraud against Allen L. Rothenberg (Count XII).

**II.     FACTUAL BACKGROUND[1]**

Attorney Delaney's fraud claim against Attorney Rothenberg arises out of a brief professional relationship in 2001. See Complaint ("Comp.") at ¶ 15. Attorney Delaney alleges that Attorney Rothenberg called her for her technology and internet research skills. Id. at ¶ 21. To induce her to work for him, he allegedly told her: "I am about to become involved in a lawsuit

---

[1] For purposes of this motion to dismiss, the Rothenberg Defendants assume only the facts pled as is the standard under a Rule 12(b)(6) motion.

that will change your career as an attorney if you agree to work with me." Id. at ¶¶ 160, 163, 164. Attorney Delaney further alleges that "[s]ometime after the material misrepresentation was made, [Attorney Rothenberg] promised to pay [me] one third of the legal fees recovered in the [cases]." Id. at ¶ 165. Attorney Delaney's claim relies on Attorney Rothenberg's alleged statement about her career, asserting that it induced her to work on the cases and, purportedly, to accept one third of the legal fees in exchange for internet research. Id. at ¶ 167. Attorney Delaney claims damages at a minimum in the sum of $53,400,000 (Id. at ¶ 170), the same amount she seeks as damages for her breach of contract claims (Id. at ¶¶ 68, 75, 85, 92, 100, 107, 115, 125).[2]

### III.   STANDARD OF REVIEW

The Rothenberg Defendants incorporate by reference the standard of review section in Defendants' main memorandum of law.

### IV.   ARGUMENT

Attorney Delaney fails to state a claim for fraud. Attorney Rothenberg's alleged misrepresentation that working on his case "will change [Attorney Delaney's] career" is an opinion, not a fact, and an opinion cannot support a claim for fraud. Even if it could, she never alleges that Attorney Rothenberg thought the opinion was true when he said it, which is an essential element of fraud. In addition, her claim fails because it is duplicative of her breach of contract claim. Notwithstanding all of the above, Attorney Delaney's claim also fails because she has known since 2001 whether or not her career did in fact change and waiting approximately 20 years to bring a claim for fraud is not permitted by the statute of limitations.

---

[2] Paragraphs 100, 107, and 115 plead $53,400.00 as damages but appear to be typos for $53,400,000 considering Attorney Delaney pleads that all defendants are jointly and severally liable for $53,400,000 (see Complaint ¶¶ 68-69).

1. **Attorney Rothenberg's alleged misrepresentation that working on a case "will change [Attorney Delaney's] career" is an opinion about the future and therefore it cannot support a claim for fraud.**

Attorney Rothenberg's alleged statement to Attorney Delaney that "I am about to become involved in a lawsuit that will change your career as an attorney if you agree to work with me"[3] is an opinion not fraud. See Complaint ¶ 160. To state a claim for fraud Plaintiff must allege: "(1) a material misrepresentation or omission of a fact, (2) knowledge of that fact's falsity, (3) an intent to induce reliance, (4) justifiable reliance by [herself], and (5) damages." Moore v. Thomson Reuters (GRC) Inc., 2017 WL 4083582 * 4 (S.D.N.Y. September 14, 2018) quoting Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC, 797 F.3d 160, 170 (2nd Cir. 2015). Attorney Delaney's claim rests upon the meritless notion that an opinion can be grounds for fraud.

Statements of opinion, like Attorney Rothenberg's alleged statement, cannot support a claim for fraud. In Moore, the court held that a representation similar to Attorney Rothenberg's could not support a claim for fraud because it was an opinion. Moore alleged fraud and based the claim on his employer's statement to him that if he accepted his job offer it "would be a positive step in [his] career." Id. The court granted defendant's motion for judgment on the pleadings using the same standards as a motion to dismiss. Id. at 2. Like Moore's claim, Attorney Delaney's claim for fraud rests on an opinion and therefore should be dismissed. Other courts have similarly dismissed a fraud claim that is based on an opinion. See e.g. Canelle v. Russian Tea Room Realty LLC, et al., 2002 WL 287750 * 5 (S.D.N.Y. Feb. 27, 2002) (court dismissed fraud claim where defendant's alleged misrepresentation that it wanted to "reinvent Russian cooking" as inducement for plaintiff to sign employment agreement was opinion); see also Gabayzadeh v. Brafman, 2010

---

[3] Attorney Delaney earlier pleads that Attorney Rothenberg told her the case "could" as opposed to "will" change her life as an attorney (see Complaint ¶ 21). For purposes of this motion the Rothenberg Defendants assume the allegation is that Attorney Rothenberg stated it "will" change her life.

3

WL 6620688 * 7 (S.D.N.Y. June 18, 2010) (court dismissed fraud claim where misrepresentation was puffery and opinion not fact); see also Spin Master Ltd. v. Bureau Veritas Consumer Products, 2011 WL 1549456 *10 (W.D.N.Y. March 7, 2011) (court denied motion to amend to include a fraud claim where misrepresentation was opinion that cannot form the basis of fraud).

Because Attorney Rothenberg's alleged misrepresentation is an opinion about the future it cannot support a claim for fraud and Attorney Delaney fails to meet an essential element of her claim. No amount of re-pleading can turn the alleged opinion into a fact. In light of the above, this Court should dismiss Attorney Delaney's fraud claim (Count XII) with prejudice.

### 2. Attorney Delaney fails to plead that Attorney Rothenberg knew that his alleged misrepresentation was false.

Even if Attorney Rothenberg's alleged opinion could support a claim for fraud, Attorney Delaney fails to plead that he believed it was false at the time. To state a claim for fraud, Attorney Delaney must plead that Attorney Rothenberg knew his material misrepresentation was false. See Moore 2017 WL 4083582 * 4. Attorney Delaney does not even plead that the statement was false, let alone that Attorney Rothenberg believed it to be. Instead, she pleads that Attorney Rothenberg never intended to pay her; however, his alleged intent is irrelevant because in Attorney Delaney's own words "[t]he promise to offer [me] an opportunity to change [my] career as an attorney was antecedent to and distinct from the promise to pay [me]." See Complaint ¶¶ 163 (internal quotes omitted), 169. In light of the above, the Court should dismiss Attorney Delaney's claim for fraud.

### 3. Attorney Delaney's fraud claim is duplicative of her breach of contract claim.

The Court should also dismiss the fraud claim because it is duplicative of Delaney's breach of contract claim. In order to state a claim for fraud, a plaintiff must plead facts extraneous to an alleged contract between the parties. See Cranston Print Works Co. v. Brockmann Inc., 521 F.Supp. 609, 614 (S.D.N.Y. 1981) (court dismissed fraud claim as duplicative of breach of contract

4

claim where fraud was premised on nonperformance of contractual obligation).  Here, Attorney Delaney seeks the same damages for her fraud claim as her breach of contract claim and the facts in support of her fraud claim, namely that Attorney Rothenberg never intended to pay her when he stated that the lawsuit "will change [her] career", only relate to his legal obligations under the alleged contract.  Accordingly, this Court should dismiss the fraud claim as duplicative of the breach of contract claim.

First, Plaintiff alleges that Attorney Rothenberg's misrepresentation caused her damages at a minimum for $53,400,000, which are the damages she pleads in her breach of contract claim. See Complaint ¶¶ 68, 170.  Where a fraud claim only seeks to enforce the alleged breached promise rather than additional damages incurred because of the breach, it is redundant and should be dismissed.  See R.H. Damon & Co., Inc. v. Softkey Software Products, Inc., 811 F.Supp. 986, 992-993 (S.D.N.Y. 1993) (court dismissed with prejudice plaintiff's fraud claim as redundant where the damages alleged were the same as the damages pled for the breach of contract claim).  Attorney Delaney fails to allege that she sustained damages from Attorney Rothenberg's alleged misrepresentation separate from the damages she already pled for the alleged breach of contract. Accordingly, this Court should dismiss the fraud claim as duplicative.

Second, Attorney Delaney alleges that when Attorney Rothenberg stated that the lawsuit "will change [her] career" it was fraudulent because he "never intended to pay [her]" (see Complaint ¶ 169).  The obligation to pay Attorney Delaney is a duty that arises out of the alleged contract and therefore Attorney Delaney's fraud claim is duplicative and should be dismissed.  See MBW Advertising Network, Inc. v. Century Business Credit Corp., 173 A.D.2d 306, 306-307 (1st Dept 1991) (court affirmed dismissal of fraud claim where there was no breach of a duty owed to the plaintiff apart from the duty that arose under the contract); see also Jackson Heights Medical

5

Group PC v. Complex Corp., 634 N.Y.S.2d 721, 722 (2nd Dept 1995) (court affirmed dismissal of fraud claim where the only fraud alleged related to the breach of contract claim); Boone Associates, L.P. v. Oaster, 257 A.D.2d 370, 371 (1st Dept 1999) (fraud claim dismissed as duplicative where it is premised on lack of intent to keep promise constituting the claim for breach of contract).

Moreover, as Defendants argue in their principle motion to dismiss, Attorney Delaney's breach of contract claims are barred by the statute of frauds. Attorney Delaney cannot avoid that the alleged contract is unenforceable by bringing a fraud claim based on an alleged intent by Attorney Rothenberg to never perform under the contract. See Alanthus Corp. v. Travelers Ins. Co., 92 A.D.2d 830, 831 (1st Dept 1983) (court reversed order denying motion to dismiss fraud claim that was predicated on a contract that was void under the statute of frauds).

Because Attorney Delaney's fraud claim is duplicative of her breach of contract claim this Court should dismiss her fraud claim.

### 4. Attorney Delaney's fraud claim is not timely because she has known since 2001 whether the case changed her career or not.

Nobody is in a better position to know whether the case changed Attorney Delaney's career than herself. Under New York law, a plaintiff must bring a fraud claim "within six years from the date of the fraud or two years from the time that a plaintiff discovered or could have, with reasonable diligence, discovered the fraud." City of Syracuse v. Loomis Armored US, LLC, 900 F. Supp.2d 274, 292 (N.D.N.Y. 2012); see also Triangle Underwriters, Inc. v. Honeywell, Inc. 604 F.2d 737, 746 (2nd Cir. 1979) (six year period for fraud applies to a claim for fraudulent inducement of contract). Attorney Delaney alleges that in 2001, almost two decades ago, Attorney Rothenberg told her that the litigation would change her career. See Complaint ¶ 21. Pursuant to the statute of limitations, Attorney Delaney had until 2007 to bring a claim for fraud. Attorney Delaney cannot avail herself of the discovery rule because she agreed to work on the case in 2001 and her

6

work "came to a successful end" that same year.  See Complaint ¶ 15.  Whether the case changed her career as an attorney or not are facts that have always been in her control since 2001 but she failed to bring any claim until 2019.  In light of the above, Attorney Delaney's fraud claim is barred by the statute of limitations.

## V.     CONCLUSION

Attorney Rothenberg's alleged statement to Attorney Delaney that working with him will "change [her] career as an attorney" is an opinion that cannot support a claim for fraud.  Moreover, Attorney Delaney never pleads that Attorney Rothenberg thought his opinion was false when he stated it or that his misrepresentation is indeed false.  Attorney Delaney's attempt to avoid the statute of frauds by dressing up her breach of contract claim as fraud fails because it is duplicative.  Notwithstanding all of the above, the fraud claim should also be dismissed because it is time barred.

For the foregoing reasons, defendants Allen L. Rothenberg and the Rothenberg Law Firm, LLP respectfully requests that this Court dismiss plaintiff's claim for fraud (Count XII) with prejudice.

Dated:  July 12, 2019

FOX ROTHSCHILD LLP

By:  ____/s/ Caroline A. Morgan_____
Peter C. Buckley, Esq. (admission pending)
Caroline A. Morgan, Esq.
101 Park Avenue, Suite 1700
New York, New York 10178
(212) 878-7900

*Attorneys for defendants Allen L. Rothenberg and The Rothenberg Law Firm, LLP*

**CERTIFICATE OF SERVICE**

   I certify that on the 12th day of July, 2019, I caused a copy of the foregoing document to be served electronically on all counsel of record via operation of the Court's CM/ECF system.

              By: <u>/s/ Heather Maxwell</u>

              Heather Maxwell (hmaxwell@foxrothschild.com)